IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**WESLEY JEFFERSON**  **PLAINTIFF**
**ADC #104933**

V.  NO. 4:25-cv-00005-LPR-ERE

**JAMES GIBSON and**
**DALE MARSHALL REED**  **DEFENDANTS**

### RECOMMENDED DISPOSITION

**I.   Procedures for Filing Objections:**

This Recommendation has been sent to United States District Judge Lee P. Rudofsky. You may file written objections to all or part of this Recommendation. Any objections filed must: (1) specifically explain the factual and/or legal basis for the objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the date of this Recommendation. If you do not object, you risk waiving the right to appeal questions of fact and Judge Rudofsky can adopt this Recommendation without independently reviewing the record.

**II.   Discussion:**

On January 2, 2025, *pro se* plaintiff Wesley Jefferson, an Arkansas Division of Correction ("ADC") inmate, filed this action under 42 U.S.C. § 1983. *Doc. 2*. Because Mr. Jefferson is a "three-striker,"[1] he can proceed with this case without

---

[1] The following dismissals should be considered "strikes" for purposes of 28 U.S.C.

paying the filing fee (also known as "in forma pauperis") only if he is currently in imminent danger of serious physical injury. See 28 U.S.C. § 1915(g); *Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998).

Mr. Jefferson's complaint alleges that ADC official have violated his constitutional rights by failing to provide him certain tax documents. The facts and claims alleged are insufficient to reasonably suggest that Mr. Jefferson currently faces an imminent danger of serious physical injury.

On January 6, 2025, based on Mr. Jefferson's status as a three-striker and his failure to satisfy the imminent-danger-of-serious-physical-injury standard, the Court ordered Mr. Jefferson to pay the $405.00 filing fee within 30 days. *Doc. 4*. The Order specifically cautioned Mr. Jefferson that his failure to pay the filing fee would result in dismissal of his claims, without prejudice.

To date, Mr. Jefferson has not paid the statutory filing fee, and the deadline to do so has passed.

### III.  Conclusion:

IT IS THEREFORE RECOMMENDED THAT:

---

§ 1915(g): *Jefferson v. Waddle, et al.*, E.D. Ark. Case No. 5:19-cv-00204-JM (July 10, 2019 dismissal for failure to state a claim); *Jefferson v. St. Francis Circuit Court, et al.*, E.D. Ark. Case No. 2:09-cv-00103-BRW (Aug. 27, 2009 dismissal for same); and *Jefferson v. Jenkins, et al.*, E.D. Ark. Case No. 5:08-cv-00336-BRW (Feb. 10, 2009 dismissal for same).

1. Mr. Jefferson's complaint be DISMISSED, without prejudice, based on his failure to: (1) comply with this Court's January 6, 2025 Order requiring him to pay the filing fee; and (2) prosecute this lawsuit.

2. The Clerk be instructed to close this case.

Dated 11 February 2025.

_____
UNITED STATES MAGISTRATE JUDGE